[No. 6380.   Decided January 9, 1907.]

THE STATE OF WASHINGTON, *On the Relation of Portland and Seattle Railway Company, Plaintiff*, v. THE SUPERIOR COURT FOR WHITMAN COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—RAILROADS—CROSSING OTHER ROADS—PUBLIC NECESSITY. A railroad company is not entitled to condemn a right of way across the terminal grounds and spur tracks of another company, already devoted to a public use, and in such a manner as to interfere with such prior use, by virtue of Bal. Code, § 4335, providing that every railroad shall have the power to cross or join the tracks of any other road, by the right of eminent domain if they cannot agree, where it appears that there is a reasonable route either to the north or south of such terminal grounds, the cost of which would only be $28,000 as compared to $10,000 for the route selected; as public necessity is essential in such a case and no reasonable necessity appears.

[1]Reported in 88 Pac. 201.

Certiorari to review a judgment of the superior court for Whitman county, Chadwick, J., entered August 6, 1906, upon findings in favor of the defendant, after a trial before the court without a jury, dismissing on the merits a petition to condemn a railway right of way across land appropriated by another railway for terminal purposes.    Affirmed.

*Edward J. Cannon* and *James B. Kerr,* for relator.    In the absence of bad faith or abuse of discretion, the particular route to be followed rests with the railway company seeking condemnation.    Lewis, Eminent Domain, 286; *Southern Minnesota R. Co. v. Stoddard,* 6 Minn. 150; *Norton v. Walkill Val. R. Co.,* 61 Barb. 476; *Walker v. Mad River etc. R. Co.,* 8 Ohio 38.    The court cannot deny this right because some other location is as good or better.    *Kansas etc. Coal R. Co. v. Northwestern Coal & Min. Co.,* 161 Mo. 288, 61 S. W. 684, 84 Am. St. 717, 51 L. R. A. 936.    The selection cannot be controlled by the court, if made in good faith, except for abuse of discretion.    15 Cyc. 634; *Piedmont etc. R. Co. v. Speelman,* 67 Md. 260, 10 Atl. 77,293; *Fall River Iron Works Co. v. Old Colony etc. R. Co.,* 5 Allen 221; *New York Central etc. R. Co. v. Metropolitan Gas-Light Co.,* 5 Hun. 201; *Cleveland etc. R. Co. v. Speer,* 56 Pa. St. 325, 94 Am. Dec. 84; *St. Louis etc. R. Co. v. Hannibal Union Depot Co.,* 125 Mo. 82, 28 S. W. 483; *Ford v. Chicago etc. R. Co.,* 14 Wis. 663; *Pittsburgh etc. R. Co. v. Sanitary District of Chicago,* 218 Ill. 286, 75 N. E. 892, 2 L. R. A. (N. S.) 226, and note.    After allowing the land to lie idle for seventeen years, the defendant company cannot consistently urge injury to a permanent line or improvements.    3 Elliott, Railroads, § 1121; *Colorado etc. R. Co. v. Union Pac. R. Co.,* 41 Fed. 293; *Eastern R. Co. v. Boston etc. R. Co.,* 111 Mass. 125, 15 Am. Rep. 13; *Grand Rapids Newaygo & L. S. R. Co. v. Grand Rapids & Indiana R. Co.,* 35 Mich. 295; *Mobile etc. R. Co. v. Alabama etc. R. Co.,* 87 Ala. 501, 6 South. 404; *Dallas v. Hallock,* 44 Ore. 246, 75 Pac. 204.

*W. W. Cotton* and *Arthur C. Spencer,* for respondents, contended, *inter alia,* that the general rule that a railroad company can select its own route between its own termini does not apply as to crossings or property acquired by another railroad for a public use. *Barre R. Co. v. Montpelier etc. R. Co.,* 61 Vt. 1, 17 Atl. 923, 15 Am. St. 877, 4 L. R. A. 785; *Sharon R. Co.'s Appeal,* 122 Pa. St. 533, 17 Atl. 234; *Rutland-Canadian R. Co. v. Central Vermont R. Co.,* 72 Vt. 128, 47 Atl. 399; *Seattle etc. R. Co. v. State,* 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217; *State ex rel. Spokane Falls & N. R. Co. v. Superior Court,* 40 Wash. 389, 82 Pac. 417. As to crossings, it is a condition precedent that the junior road negotiate, in good faith, and attempt to agree with the senior road. Bal. Code, § 4335 (P. C. § 7090); *Seattle etc. R. Co. v. State, supra; Oregon R. & Nav. Co. v. Oregon Real Estate Co.,* 10 Ore. 444; *Chambers v. Carteret & S. R. Co.,* 54 N. J. L. 85, 22 Atl. 995; *In Re Marsh,* 71 N. Y. 315; *Laue v. Saginaw,* 53 Mich. 442, 19 N. W. 137. A crossing must be so constructed and located as to do as little damage as possible to the senior road. 3 Elliott, Railroads, § 1120; 2 Am. & Eng. R. R. Cases, 440; *Seattle etc. R. Co. v. State, supra; Lake Shore etc. R. Co. v. Chicago etc. R. Co.,* 97 Ill. 506; *State ex rel. Mississippi River etc. R. Co. v. Dearing,* 173 Mo. 492, 73 S. W. 485; *Chicago & Northwestern R. Co. v. Chicago & Pac. R. Co.,* 6 Bissell 223; *Winona etc. R. Co. v. Chicago etc. R. Co.,* 50 Minn. 300, 52 N. W. 657. The question of necessity is to be determined by the trial court as a question of fact. *Montana etc. R. Co. v. Helena etc. R. Co.,* 6 Mont. 416, 12 Pac. 916; *In Re Minneapolis etc. R. Co.,* 36 Minn. 481, 32 N. W. 556; *California Southern R. Co. v. Southern Pac. R. Co.,* 67 Cal. 59, 7 Pac. 123. The petitioner must show in this case that the land or right of way sought to be appropriated is indispensable to its enterprise, and is not necessary to the proper exercise of the franchise of the senior company. *Sabin etc. R. Co. v. Gulf etc. R. Co.,* 92 Tex. 162, 46 S. W. 784; *Seattle & M. R. Co.*

*v. Bellingham Bay etc. R. Co.*, 29 Wash. 491, 69 Pac. 1107;
*Chicago & M. Elec. R. Co. v. Chicago & N. W. R. Co.*, 211
Ill. 352, 71 N. E. 1017; *New York etc. R. Co. v. Boston etc.
R. Co.*, 36 Conn. 196; *Northern R. v. Concord etc. R.*, 27
N. H. 183; *Butte etc. R. Co. v. Montana U. R. Co.*, 16 Mont.
504, 41 Pac. 232, 50 Am. St. 508, 31 L. R. A. 298; *Kansas
City etc. R. Co. v. Kansas City Limited R. Co.*, 118 Mo. 599,
24 S. W. 478; *St. Louis etc. R. Co. v. Hannibal Union Depot
Co.*, 125 Mo. 82, 28 S. W. 483; *Pittsburgh Junction R. Co.
v. Allegheny Val. R. Co.*, 146 Pa. St. 297, 23 Atl. 313; *North
Carolina etc. R. Co. v. Carolina Cent. R. Co.*, 83 N. C. 489.

Hadley, J.—This is a condemnation proceeding which was
commenced in the superior court of Whitman county. That
court determined the cause adversely to the petitioner on the
question of public use and necessity, and the petitioner ob-
tained from this court a writ of review for the purpose of
reviewing the judgment of the superior court. The peti-
tioner is the Portland and Seattle Railway Company, and it
is engaged in constructing a branch line of railway from its
main line near Pasco, Washington, easterly along the north
bank of the Snake river, in this state, to Texas City. It is the
purpose of the petitioner to connect such branch line at Texas
City with the line of the Oregon, Washington and Idaho Rail-
road, which is being constructed from Texas City to Lewiston,
Idaho, thus giving the petitioner traffic connection through
to Lewiston. Texas City is situate immediately along the
north bank of the Snake river, and the proposed line of peti-
tioner is located some distance to the north of the river, and
extends in an easterly and westerly direction at said place.
Crossing the river from the south and passing through Texas
City, leading thence on to the northward, is a line of the
Oregon Railroad and Navigation Company, extending from
Portland, Oregon, to Spokane, Washington. It is also the
purpose of the last-named company to connect at Texas City

18—45 Wash.

with the line of the Oregon, Washington and Idaho Railroad, thus effecting traffic connection with Lewiston, Idaho, over the same line which is to be used by the petitioning company, constituting what may be called a joint occupation of said line in course of construction to Lewiston.

Immediately to the west of the main line track of the Oregon Railroad and Navigation Company's Spokane line in Texas City, and extending to the northward from the river, is a tract of land consisting of some thirty-eight acres, which is owned by said company. The tract is somewhat wedge-shaped, extending the long way in an easterly and westerly direction, the wider end being to the east. The peculiar shape is due to the relative directions of the river boundary on the south and the abrupt bluff on the north. This tract was acquired by said company in the year 1899, and the company has built, maintained, and used thereon certain spur tracks running out from its main line. The purpose of its acquisition was to provide terminal and trackage facilities at that point, to relieve the congestion consequent upon increasing traffic, and also by reason of the proposed connection at that place with the said line to Lewiston. It is also the purpose of said company to construct other spur tracks within said grounds, and generally to use the same for car storage, switching and terminal purposes. The petitioning company has located its projected line so as to run about the center of this tract in an easterly and westerly direction, so as to cross the existing spur tracks of the other company at very acute angles, and even so as to cross the main track of the Spokane line with a curve of nine degrees and thirty minutes. This curve necessitates the elevation of the outer rail of the petitioner's line about four inches. This proceeding is for the purpose of condemning a strip one hundred feet in width across said tract and located as above stated. After a trial before the court upon the question of public use and necessity, judgment was entered dismissing the petition.

The court found the facts with reference to the ownership and occupation of the tract by the Oregon Railroad and Navigation Company as above stated, and also further expressly found as follows:

"  .   . and will need the said 38-acre tract of land crossed by the survey of the petitioner's line of railway as described in paragraph two of said petition, for use as a material and storage yard for cars, and for use as a terminal for the construction of shops and other terminal facilities, and that said The Oregon Railroad & Navigation Company, is using said land for said purposes, and intends to devote the same to said use, and that the same is necessary for it in the carrying on of its business as a common carrier of passengers and freight in serving the public."

It was also further found as follows:

"That the proposed appropriation by the petitioner across said land is not necessary for it in the construction of its line, and such appropriation, if allowed, would destroy the usefulness of said property for railroad purposes to The Oregon Railroad & Navigation Company, and no case of necessity has been made out by the petitioner for the appropriation of said land, or for the securing of the crossing sought to be acquired by its petition, and as the land sought to be appropriated from the other claimants, which land is described in paragraph four of said petition, cannot be used unless the same is used in connection with the land described in paragraph two of said petition, no necessity has been made out for said land described in paragraph four of said petition, or for the appropriation thereof to the petitioner."

We think the findings are amply sustained by the evidence. The petitioner located its line arbitrarily across the grounds and tracks of the prior company, having regard to its own convenience in effecting the most direct connection with the Lewiston line, which is to the eastward of the tract of land sought to be condemned, and also of the tracks sought to be crossed. The location was made without reference to the convenience and necessities of the prior company. An engineer who testified for the petitioning company stated that, taking

the interests of both companies into consideration, it would not cut up the yard of the Oregon Railroad and Navigation Company so much if the line of the petitioner should be kept along and near the north bank of the Snake river. He also stated that the yard would not be as good with petitioner's line located where it is proposed as it would be if located either to the north or south of the proposed location. He also stated that there is no reason, either from an engineering or operating standpoint, why the petitioner cannot go up the north bank of the river, thus avoiding all the spur tracks of the prior company, and proceed practically on a tangent to its connection with the Oregon, Washington and Idaho line to Lewiston. Another engineer testified that the cost of the construction of such river line would be about $28,000 as against $10,000 for the selected route, with the advantage to the river route of proceeding upon a tangent, while the located route proceeds upon a nine degree and thirty minute curve.

The petitioner contends that it has the right to arbitrarily select its place for crossing the main line and spur tracks of the prior company. It contends that the statute, Bal. Code, § 4335 (P. C. § 7090), authorizes such arbitrary selection. Whatever might be said of such a construction of the statute as applicable to the single and simple crossing of two main lines, it certainly should not be said that the statute was intended to give to a new locator the arbitrary power to select a route through the center of the yards and terminal grounds of a prior company, across the switch and storage tracks of the latter company, in such a manner as to seriously interfere with the usefulness of the tracks and grounds. Such an interference with previously established rights in the older locator, rights established and used for the benefit and service of the public, would be wholly unwarranted unless public necessity required such interference. Perhaps such right of arbitrary selection of a route may exist as against purely private property which is owned and used wholly for private

purposes, payment of the full damage being made; but it should not be so as to property which belongs to a public service corporation which has already been subjected to the service of a public use.   In such case the established rights of the prior locator should be considered, and if the public necessities of the new locator can be reasonably as well served by another location, it ought not to be permitted to enter established grounds and cross a system of established and proposed tracks so as to seriously interfere with present traffic, and with plans for future and increased traffic.   If there should be no other reasonable route, then, without doubt, the older locator would be subjected to the burden of the public necessities of the newer one.   What may constitute another reasonable route must be a question of fact in each case, depending upon all the circumstances and the entire environment.   Mere additional cost incident to another route would not necessarily and of itself show the route to be an unreasonable one.   Again, the additional cost might be so great as to approximate a prohibitory amount, and thus render another location an unreasonable one.   All the facts and circumstances attending each case must be considered in order to determine whether there is, or is not, a reasonable public necessity for taking the property which is already devoted to a public use. In this case we think the evidence does not show such public necessity in favor of the route sought to be condemned.   It is not enough that it would serve the mere convenience of one railroad company to appropriate land devoted to the prior use of another, but it must appear that it is reasonably necessary in order to aid the new locator to discharge its public service duties.

"We have then the finding of the master, based upon ample testimony, that the land in question was acquired by the appellant company for the uses of its road, and that the same is necessary therefor.   Can it now be taken by another corporation for the same or a similar use?   It certainly cannot be done for the mere convenience or profit of the latter.   To

justify such taking there must be a necessity; 'a necessity so absolute that without it the grant itself will be defeated. It must also be a necessity that arises from the very nature of things over which the corporation has no control; it must not be created by the company itself for its own convenience or for the sake of economy.'" *Sharon R. Co. v. Sharpsville R. Co.*, 122 Pa. St. 533, 17 Atl. 234, 9 Am. St. 133.

See, also, *Barre R. Co. v. Granite R. Co.*, 61 Vt. 1, 17 Atl. 923, 15 Am. St. 877; *Rutland-Canadian R. Co. v. Central Vermont R. Co.*, 72 Vt. 128, 47 Atl. 399; *Seattle etc. R. Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217; *State ex rel. Spokane Falls etc. R. Co. v. Superior Court*, 40 Wash. 389, 82 Pac. 417.

The above authorities fully sustain the decision of the trial court under the facts in this case, and the decisions cited from this court we think are squarely in point.

The judgment is therefore affirmed.

MOUNT, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.